**Debra S. LEEDY, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant–Appellee.**

No. 06–35601.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2008.

Filed July 28, 2008.

James S. Coon, Swanson Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Office of the U.S. Attorney, Portland, OR, Michael McGaughran, Terrye Erin Shea, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER and PREGERSON, Circuit Judges, and STROM,* District Judge.

* The Honorable Lyle E. Strom, Senior District Judge for the District of Nebraska, sitting by designation.

MEMORANDUM **

Debra Leedy appeals the district court's judgment affirming the denial of her application for disability benefits pursuant to Title II of the Social Security Act for a closed period from August 1999 through July 2003. She challenges the Administrative Law Judge's ("ALJ's") finding that she was capable of performing sedentary, low stress work.

 Her principal contention is that the ALJ improperly omitted her mental limitations in framing his hypothetical questions to the vocational expert. We conclude that no limitations were improperly omitted because the ALJ took into account all of the limitations supported by the opinions of her treating psychologist, Dr. Thomas Stallone, and psychiatrist, Dr. Douglass Johnson.

Dr. Stallone rendered an opinion as to her improving condition over the relevant years. According to both Drs. Stallone and Johnson, when the plaintiff began treatment and shortly thereafter she was in no way able to deal with the job requirements, but, four years later, when Dr. Stallone stopped treating the plaintiff, he believed she would be able to return to work. The ALJ fairly characterized the psychologist's and psychiatrist's overall opinion of her ability to work during the period as an ability to deal with sedentary, low stress work. The ALJ was not required to consider, in isolation, only the evaluations of her abilities at the very beginning of the period. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002) (affirming the denial of benefits where the ALJ's hypothetical to the vocational expert incorporated the treating physician's con-

clusion that the claimant's condition had improved).

 The plaintiff next contends that the ALJ erred in rejecting her own testimony on the ground that it was not supported by the medical evidence. *See Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991). She does not cite to any precise testimony that the ALJ rejected. It would appear, however, she is referring to testimony of her condition at the beginning of the relevant period, when she was unable to concentrate. The testimony was fully considered by the ALJ and evaluated in the context of her overall improving condition during the relevant period.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

